[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF OPINION RE: MOTION FOR MODIFICATION
The defendant husband brought a post-judgment Motion for Modification with respect to the order of periodic alimony. In its Memorandum of Opinion following a trial in August of 1993, the court, Harrigan, J., on November 4, 1993, ordered the defendant to pay the sum of Eight Hundred ($800.00) Dollars per week as periodic alimony. CT Page 3527
The court conducted a short modification hearing on December 5, 1994, where the defendant called his accountant to testify concerning the downsizing of the defendant's business, Arthur Drug. Mr. Novacell, the accountant testified that while gross sales were up, the profit margin had decreased approximately two (2%) percent in the last fiscal year for the corporation.
The defendant claimed that his salary had been reduced because of competition from large drug stores, and that he no longer had the ability to meet the alimony award. He testified that he was attempting to meet the lump sum alimony awards in the judgment.
The plaintiff claimed that he had the authority to reduce his salary, and that he did so voluntarily to subvert the judgment. The plaintiff testified that after such a long term marriage, she had been relying on the support of her ex-husband, and had increased expenses.
The court finds that the defendant did not meet his burden of proof on the issue of a substantial change in circumstances. The testimony of December 5, 1994, was insufficient to convince the court that the defendant should be allowed a modification. His financial affidavit of that date demonstrates assets which are double those of the plaintiff wife. The claims of the defendant are not sufficient to warrant a change.
The motion for modification is denied.
DRANGINIS, J.